```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
 In re LATAM AIRLINES GROUP S.A.,        :
                                         :    22cv5891 (DLC)
                          Debtor,        :
-----------------------------------------:    MEMORANDUM OPINION
 TLA CLAIMHOLDERS GROUP,                 :        AND ORDER
                                         :
                          Appellant,     :
              -v-                        :
                                         :
 LATAM AIRLINES GROUP S.A., et al.,      :
                                         :
                          Appellees.     :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On July 27, 2022, the Parent Ad Hoc Claimant Group filed a motion for declaration of appellee status or, in the alternative, to intervene as an appellee. The following day, Banco del Estado de Chile ("BancoEstado") filed a motion to intervene as an appellee. The motions were fully submitted on August 4, 2022. For the reasons that follow, both motions to intervene as appellees are granted. Because the Parent Ad Hoc Claimant Group's motion to intervene as an appellee is granted, there is no need to rule on its alternative motion for a declaration of appellee status.

Intervention in a bankruptcy appeal is governed by Bankruptcy Rule 8013(g), which states:

> "Unless a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or BAP must move for leave to

> intervene and serve a copy of the motion on the
> parties to the appeal.  The motion or other notice of
> intervention authorized by statute must be filed
> within 30 days after the appeal is docketed.  It must
> concisely state the movant's interest, the grounds
> for intervention, whether intervention was sought in
> the bankruptcy court, why intervention is being
> sought at this stage of the proceeding, and why
> participating as an amicus curiae would not be
> adequate."

Fed. R. Bankr. P. 8013(g).

First, both motions to intervene are timely.  The Parent Ad Hoc Claimant Group filed its motion to intervene sixteen days after the appeal was docketed.  BancoEstado filed its motion one day later.  Thus, both motions fall comfortably within the time frame allotted for a motion to intervene.

Appellant nonetheless contends that the motions were filed after "undue delay" because the movants had earlier notice of this appeal.  The motions are still well within the statutory deadline, however, and at least some of the delay appears to have been caused by appellant.  The movants requested appellant's consent to intervene in the appeal, but appellant did not respond to this request until roughly a week later.

Appellant's primary concern with the timing of the motions appears to be the prejudice that would result if the movants filed their responsive briefs after appellant filed its reply brief.  But, as explained below, these concerns can

be adequately addressed by requiring the movants to adhere to the current schedule. Therefore, there is no reason to deny the motions as untimely.

Second, the movants have shown adequate grounds for intervening in the appeal. As parties in interest to the underlying bankruptcy, the movants possess financial interests in the outcome of the appeal. These interests include both the movants' total recoveries under the bankruptcy plan and the overall feasibility of the plan should appellant secure its requested relief. Although appellant minimizes the extent of this financial stake, clearly the movants possess at least some personal interest in the appeal. Further, the movants seek to intervene to protect these personal interests, not merely to argue matters of public interest and policy. The movants are thus more properly situated in the appeal as intervenors, rather than as amici curiae. Finally, the movants hold claims against the debtor-appellee, suggesting that the existing appellee would not adequately represent the movants' unique interests. As a result, the movants have shown adequate grounds for intervention.

Appellant's concern that granting the motions for intervention could lead to unfair prejudice or delay of the expedited briefing schedule can be addressed by requiring the

intervenor-appellees to adhere to the briefing schedules that are in place.  Accordingly, it is hereby

ORDERED that the Parent Ad Hoc Claimant Group's and BancoEstado's motions to intervene as appellees are granted.

IT IS FURTHER ORDERED that the intervenor-appellees shall file any response to the appellant's opening brief in the appeal by August 8, 2022.  The intervenor-appellees shall file any response to the appellant's August 1, 2022 motion to stay by August 12, 2022.  At the time of filing their responses, the intervenor-appellees shall supply Chambers with two (2) courtesy copies by mailing or delivering them to the United States Courthouse, 500 Pearl Street, New York, New York 10007.

SO ORDERED:

Dated:   New York, New York
         August 4, 2022

_____
DENISE COTE
United States District Judge