# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
BEIJING
HONG KONG
SEOUL

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
FRANKFURT
LONDON
MILAN
PARIS
ROME

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
_RESIDENT PARTNERS_

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
_RESIDENT COUNSEL_

D: +1 212 225 2266
dherrington@cgsh.com

August 31, 2022

<u>VIA ECF</u>

The Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:  *IN re LATAM Airlines Group S.A.*, Case No. 22-cv-5891

Dear Judge Cote:

    We write on behalf of appellees LATAM Airlines Group S.A. and its affiliated debtors and debtors-in-possession in response to yesterday's letter from the TLA Claimholders about the Ninth Circuit's decision in *In re PG&E Corporation*, No. 21-16043 ("*PG&E*").

    *PG&E* cannot help the TLA Claimholders; if anything, it confirms that their new (and unpreserved) theory on appeal is meritless. *PG&E* is a solvent debtor case; and its holding and the potential relief it affords is based solely on the solvent debtor exception. *See, e.g.*, *PG&E* at 9 ("The question we must answer is this: what rate of postpetition interest must a solvent debtor pay creditors whose claims are designated as unimpaired pursuant to section 1124(1) of the Bankruptcy Code?"), 32 ("Because PG&E was solvent, however, plaintiffs' claims *did* entail an equitable right to receive postpetition interest under the solvent-debtor exception."). Because TLA is *not* solvent, *PG&E* offers no aid for the TLA Claimholders.

    As to the new claim the TLA Claimholders seek to present on appeal – that unsecured creditors of an *insolvent* debtor must be paid post-petition interest or else be deemed impaired – this claim is barred at the threshold because it was not presented below. *See* Appellees' Br. at

Hon. Denise L. Cote, p. 2

18-41. But even if this new theory could be raised on appeal, the Ninth Circuit joins the "monolithic mountain of authority"[1] in rejecting it. It held as follows:

> Prior to PG&E's bankruptcy filing, plaintiffs possessed a contractual right to interest on debts not paid – either at rates stipulated by their contracts or the California default rate of ten percent. But this contractual right, as applied to postpetition debts, was superseded by the Code – specifically, by § 502(b)(2)'s prohibition on the inclusion of "unmatured interest" as part of a claim. As a result, plaintiffs' claims do not include any contractual right to postpetition interest. Moreover, plaintiffs do not have a legal right to interest on their claims, as no provision of the Code expressly provides for postpetition interest for unimpaired creditors.

*PG&E* at 31-32 (citations omitted). In reaching this holding, the Ninth Circuit stated:

> As our sibling circuits have held, an alteration of pre-bankruptcy rights that occurs by operation of the Code does not result in impairment. *Ultra Petroleum*, 943 F.3d at 763 ("The plain text of § 1124(1) requires that 'the plan' do the altering."); *PPI Enters.*, 324 F.3d at 204 ("[W]e must examine whether the plan itself is a source of limitation on a creditor's legal, equitable, or contractual rights."); *see also In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1075 (9th Cir. 2002) ("In enacting the Bankruptcy Code, Congress made a determination that an eligible debtor should have the opportunity to avail itself of a number of Code provisions which adversely alter creditors' contractual and nonbankruptcy rights." (quotation omitted)).

*PG&E* at 31 n.11. The Ninth Circuit thus joined every other reported decision in expressly rejecting the new and meritless theory the TLA Claimholders seek to pursue on appeal.

The TLA Claimholders seek to obscure *PG&E*'s headline holding by pointing to, and mischaracterizing, observations the court made in the course of its opinion. But every step of the court's analysis is grounded in solvency and the solvent debtor exception. The TLA Claimholders characterize *PG&E* as holding that section 1124(1) "demand[s] that an unimpaired creditor's rights – including the equitable right to bargained-for postpetition interest when a debtor is solvent – remain unaltered." Letter at 2. In fact, the Ninth Circuit's holding confirms that unsecured creditors do *not* have a "legal" or "contractual" right to interest – but instead, *only* if a debtor is solvent, they would have an "equitable" right to such interest under the solvent debtor exception. *PG&E* at 31-32; *id.* at 30 n. 9 ("Our holding 'recognizes that the equitable prong of § 1124 applies differently when the debtor is solvent'—as PG&E undisputedly is in this case—by entitling claim holders to postpetition interest as an equitable right."). Again, this cannot help the TLA Claimholders because TLA is not solvent. Still further, the Ninth Circuit held that awarding interest under the solvent debtor exception depends on a determination that the equities support it. *PG&E* at 33. Here, the Bankruptcy Court has already determined that such an award would *not* be equitable, *see* A0681, a finding the TLA Claimants did not challenge in their opening brief on appeal.

---

[1] *See In re Ultra Petroleum Corp.*, 943 F.3d 758, 760 (5th Cir. 2019).

Hon. Denise L. Cote, p. 3

 

                                                         Respectfully submitted,

                                                         <u>*/s/ David H. Herrington*</u>
                                                         David H. Herrington

                                                         *Attorney for LATAM Airlines Group S.A. and its affiliated debtors and debtors-in-possession*